UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BLACK & DECKER CORPORATION, ) <br> BLACK & DECKER, INC., BLACK & DECKER ) <br> (U.S.) INC., EMHART CORPORATION, and ) <br> EMHART INDUSTRIES, INC., ) <br> ) <br> Defendants. ) <br> ) | No. 1:04-CV-10653-DPW <br> [BEVERLY SITE] |

MOTION TO SUPPLEMENT AND CERTIFY RECORD

Defendants ("Black & Decker") move that a supplemental record consisting of documents filed in the case of Liberty Mutual Insurance Company v. The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc., Civil Action No. 96-10804 DPW (United States District Court, District of Massachusetts) ("1996 Action") be certified and forwarded to the Court of Appeals for the First Circuit. Black & Decker makes this request pursuant to Fed. R. App. P. 10(e)(2) and the Order of this Court dated March 19, 2004, a copy of which is attached hereto as Exhibit A. In support of its motion Black & Decker states:

      1.     Supplementation of the record is required because the appeal in the above action, Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., No. 04-2616 (United States Court of Appeals for the First Circuit) pertains to matters of record in the 1996 Action. By Order of this Court, the 1996 Action was separated into forty-one (41) separate actions, each

relating to a single site at issue in the 1996 Action. However, prior filings in the 1996 Action pertained to those sites.

    2.  The appeal is from the entry of judgment by this Court on summary judgment. However, the summary judgment motion and record, and the Memorandum and Order of this Court on summary judgment with respect to this site, all were filed in the 1996 Action. This was expressly stated in the Judgment entered in this action, where this Court stated: "In accordance with this court's Memorandum and Order entered December 5, 2003 in Civil Action 96-10804 -- the pleadings, submissions and rulings in which have been made a part of this case …." A copy of the Judgment is attached hereto as Exhibit B. Accordingly, the record of the 1996 Action, or, at minimum, portions thereof, is pertinent to the above action.

    3.  Black & Decker requests supplementation and certification by adding to the record on appeal the following filings as recorded on the docket of the 1996 Action, as well as a copy of the docket sheet of the 1996 Action. Black & Decker believes that these filings are pertinent to the issues in this action for this site and that they properly should be part of the record that is to be considered by the Court of Appeals:

| Date Filed | Docket # | Docket Text |
|---|---|---|
| 04/17/1996 | 1 | Notice of Removal filed. Received from: Suffolk Superior; State Court Docket #: 96-0040-H. Assigned to: Judge Woodlock Receipt #: 115513 Amount: $ 120.00. Fee status: Paid. (fmr) (Entered: 04/18/1996) |
| 04/24/1996 | 2 | Answer to complaint; jury demand and Counterclaim by Black & Decker, Black & Decker, Inc., Black & Decker (US), Emhart Corp., Emhart Industries, I against Liberty Mutual Ins. , filed. (c/s) (fmr) (Entered: 04/25/1996) |
| 05/15/1996 | 4 | Further State Court copies (certified copy), filed. (c/s) (mqc) (Entered: 05/16/1996) |

| | | | |
|---|---|---|---|
| 05/29/1996 | | 5 | Answer by Liberty Mutual Ins. to [2-2] counter claim , filed. (c/s) (mqc) (Entered: 05/29/1996) |
| 07/22/1996 | | 7 | Rule 16.1 Certification filed by Black & Decker, Black & Decker, Inc., Black & Decker (US), Emhart Corp., Emhart Industries, I. (c/s) (mqc) (Entered: 07/23/1996) |
| 07/29/1996 | | 12 | Judge Douglas P. Woodlock . Clerk's Notes: re: Scheduling conference; Motion to amend complaint discussed; issue whether declaratory judgment action is ripe. 1st amended complaint allowed, the motion to further amend complaint is denied. By 9/6/96 parties are to exchange infor re: statement for grounds for denying coverage as to each separate claim; defendant to file statement of what its claims are. By 9/13/96 the parties are to meet and form a proposal by 9/18/96. Further conference 9/24/96 at 2:30pm. (mqc) (Entered: 07/30/1996) |
| 09/06/1996 | | 15 | Statement of counsel filed by Liberty Mutual Ins. Re: Court order dated 7/29/96. (mqc) (Entered: 09/09/1996) |
| 09/06/1996 | | 16 | Statement of counsel filed by Black & Decker, Black & Decker, Inc., Black & Decker (US), Emhart Corp., Emhart Industries, I , Re: Courts order dated 7/29/96. (mqc) (Entered: 09/09/1996) |
| 09/13/1996 | | 17 | Joint Motion by Liberty Mutual Ins., Black & Decker, Black & Decker, Inc., Black & Decker (US), Emhart Corp., Emhart Industries, I to extend time to 9/18/96 to confer in person re: 9/6 submission , filed. (mqc) (Entered: 09/16/1996) |
| 09/24/1996 | | | Scheduling conference held . (mqc) (Entered: 09/25/1996) |
| 09/24/1996 | | 23 | Judge Douglas P. Woodlock . Clerk's Notes: re: scheduling conference, Scheduling order set. set further scheduling conference for 3:30 10/18/96 before Judge Douglas P. Woodlock Court Reporter: Pam Owens (mqc) (Entered: 09/25/1996) |
| 09/24/1996 | | 24 | Judge Douglas P. Woodlock. Scheduling Order entered (cc/cl) (mqc) (Entered: 09/25/1996) |
| 10/15/1996 | | 28 | Defendants' supplement to their statement pursuant to order of 7/29/96. Filed. (mqc) (Entered: 10/16/1996) |

| | | |
|---|---|---|
| 10/22/1996 | 33 | Judge Douglas P. Woodlock. Scheduling Order entered setting Discovery cutoff 12/31/97 Deadline for filing of dispositive motions 1/30/98. (cc/cl) (mqc) (Entered: 10/24/1996) |
| 10/30/1996 | 41 | Judge Douglas P. Woodlock. Order entered, for protective order . (cc/cl) (mqc) (Entered: 10/31/1996) |
| 12/18/1997 | 121 | Judge Douglas P. Woodlock. Modification of 10/30/96 Protective Order entered. (cc/cl) (mqc) (Entered: 12/19/1997) |
| 01/26/1998 | 131 | Judge Douglas P. Woodlock . Scheduling Order entered setting Deadline for filing of all motions 12:00 2/9/98. Response due by 3/2/98; Motion hearing set for 4/1/98 at 2:30pm; Status conference set for 2/6/98 at 2:30pm. Status report dye 2/4/98 at 12:00pm. (mqc) (Entered: 01/27/1998) |
| 02/09/1998 | 138 | Motion by Liberty Mutual Ins. for summary judgment , filed. (mqc) (Entered: 02/09/1998) |
| 02/09/1998 | 139 | List of appendices submitted in support of Liberty Mutual's motion and supporting memorandum for summary judgment; filed (mqc) (Entered: 02/09/1998) |
| 02/09/1998 | 140 | Motion by Black & Decker for partial summary judgment , filed. (mqc) (Entered: 02/09/1998) |
| 02/09/1998 | 141 | Statement of Facts by Black & Decker re: [140-1] motion for partial summary judgment , filed. (mqc) (Entered: 02/09/1998) |
| 02/09/1998 | 142 | Memorandum by Black & Decker in support of [140-1] motion for partial summary judgment , filed. (mqc) (Entered: 02/09/1998) |
| 02/09/1998 | 143 | Certificate of service by Black & Decker re: [142-1] support memorandum, [141-1] statement, [140-1] motion for partial summary judgment , filed. (mqc) (Entered: 02/09/1998) |
| 03/02/1998 | 144 | Response by Liberty Mutual Ins. in opposition to [140-1] motion for partial summary judgment , filed. (mqc) (Entered: 03/02/1998) |
| 03/02/1998 | 145 | Response by Liberty Mutual Ins. in opposition to [141-1] statement , filed. (mqc) (Entered: 03/02/1998) |

| 03/02/1998 | 146 | Submissions in opposition to the Liberty Mutual Insurance Company Motion for summary judgment; filed (mqc) (Entered: 03/02/1998) |
|---|---|---|
| 03/02/1998 | 147 | Response by Black & Decker in opposition to [138-1] motion for summary judgment , filed. (mqc) (Entered: 03/02/1998) |
| 03/02/1998 | 148 | Appendix/exhibits by Black & Decker in support of [147-1] opposition response , filed. (mqc) (Entered: 03/02/1998) |
| 03/02/1998 | 149 | Appendix/exhibits by Black & Decker in support of [147-1] opposition response , filed. (mqc) (Entered: 03/02/1998) |
| 03/02/1998 | 150 | Appendix/exhibits by Black & Decker in support of [147-1] opposition response , filed. (mqc) (Entered: 03/02/1998) |
| 03/02/1998 | 151 | List of Appendix/exhibits by Liberty Mutual Ins. in support of [144-1] opposition response , filed. (mqc) (Entered: 03/02/1998) |
| 03/02/1998 | 152 | Certificate of service by Black & Decker re: [150-1] exhibits appendix, [149-1] exhibits appendix, [148-1] exhibits appendix, [147-1] opposition response , filed. (mqc) (Entered: 03/02/1998) |
| 03/02/1998 | 154 | Appendix/exhibits by Liberty Mutual Ins. in support of [144-1] opposition response , filed. (mqc) (Entered: 03/04/1998) |
| 03/02/1998 | 155 | Appendix/exhibits by Liberty Mutual Ins. in support of [144-1] opposition response , filed. (mqc) (Entered: 03/04/1998) |
| 04/16/1998 | 159 | Motion by Black & Decker, Black & Decker, Inc., Black & Decker (US), Emhart Corp., Emhart Industries, I to supplement the record , filed. (fmr) (Entered: 04/16/1998) |
| 01/30/2002 | 251 | Motion by Black & Decker, Black & Decker, Inc., Black & Decker (US), Emhart Corp., Emhart Industries, I to modify Scheduling Order to permit discovery on cliams concerning the maritime asbestos long term exposure xlaims and the Beverly Environment Claim , filed, c/s. (ktb) (Entered: 02/05/2002) |
| 02/14/2002 | 255 | Response by Liberty Mutual Ins. in opposition to [251-1] motion to modify Scheduling Order to permit discovery on cliams concerning the maritime asbestos long term exposure xlaims and the Beverly Environment Claim , filed. (mr) (Entered: 02/15/2002) |

| | | |
|---|---|---|
| 03/21/2002 | 260 | Reply by Liberty Mutual Ins., Black & Decker, Black & Decker, Inc., Black & Decker (US), Emhart Corp., Emhart Industries, I to response to [248-1] motion to modify 10/22/96 Scheduling Order (terminate stay), [251-1] motion to modify Scheduling Order to permit discovery on cliams concerning the maritime asbestos long term exposure xlaims and the Beverly Environment Claim , filed. c/s (mr) (Entered: 03/22/2002) |
| 03/22/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [259-1] motion for leave to file reply memorandum. Notice sent to counsel. [EOD Date 3/22/02] (mr) (Entered: 03/22/2002) |
| 05/17/2002 | 266 | Judge Douglas P. Woodlock. Procedural Order entered re: draft memorandum. Parties to file separate/joint submissions re: draft memorandum by 7/12/02. cc/cl [EOD Date 5/17/02] (mr) (Entered: 05/17/2002) |
| 08/01/2002 | 272 | Judge Douglas P. Woodlock . Clerk's Notes: re: scheduling conference; each to respond to other side's alternative of assertions by 8/15/02; proposals on how to proceed due 8/19/02; hearing/status conference set for 8/21/02 at 2:30; deft's motion to open Beverly matter is allowed. (mr) (Entered: 08/05/2002) |
| 09/11/2002 | 276 | Judge Douglas P. Woodlock . Clerk's Notes: re: status conference; motion re: supplementing counterclaim address - Allowed - response due by 9/25/02; cost sharing issues have been briefed in SJ; Ch 93A addressed, duty to defend, extent of discover on failure to handle claims properly addressed; 93A discovery on p. 8 of reply memo para a & b but not c may proceed; discovery on 5 long term exposure claims is allowed; motion to modify scheduling order on asbestos/maritime exp. claim and Beverly claim ruled on - limited to directions by Court with respect to the 93A claim; deft's motion to term the stay of discovery on 93A claim Allowed as limited to items a & b (not c) on p.8 of deft's reply memo; all 93A discovery permitted to be done by 1/31/03 and agreed to disocvery as well; trial date set for 6/2/03; non-jury; all motions except SJ #138 and 140 resolved at this time; Court Reporter: Pam Owens (mr) (Entered: 09/16/2002) |
| 09/05/2003 | 344 | MOTION for Partial Summary Judgment relating to the Beverly Site by Liberty Mutual Insurance Company. (FILED UNDER SEAL)(Rynne, Michelle) (Entered: 09/09/2003) |
| 09/05/2003 | 345 | MEMORANDUM in Support re [344] MOTION for Partial Summary Judgment relating to the Beverly Site filed by Liberty Mutual Insurance Company. (FILED UNDER SEAL) (Rynne, Michelle) (Entered: |

| | | |
|---|---|---|
| | | 09/09/2003) |
| 09/05/2003 | 346 | AFFIDAVIT of Franklin E. Woodard, Ph.D., P.E. in Support re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. (FILED UNDER SEAL) (Rynne, Michelle) (Entered: 09/09/2003) |
| 09/05/2003 | 347 | AFFIDAVIT of Janice Kelley Rowan in Support re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. (FILED UNDER SEAL)(Rynne, Michelle) (Entered: 09/09/2003) |
| 10/06/2003 | 354 | MEMORANDUM in Opposition re [344] MOTION for Partial Summary Judgment relating to the Beverly Site filed by Black & Decker, Inc. (FILED UNDER SEAL) (Rynne, Michelle) (Entered: 10/10/2003) |
| 10/06/2003 | 355 | AFFIDAVIT of Bruce Paul re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. (Rynne, Michelle) (Entered: 10/10/2003) |
| 10/06/2003 | 356 | AFFIDAVIT of Richard L. Binder re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. (Rynne, Michelle) (Entered: 10/10/2003) |
| 10/06/2003 | 357 | APPENDIX OF EXHIBITS - Volume I re 356 AFFIDAVIT of Richard L. Binder re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. FILED UNDER SEAL.(Rynne, Michelle) (Entered: 10/10/2003) |
| 10/06/2003 | 358 | APPENDIX OF EXHIBITS - Volume II re 356 AFFIDAVIT of Richard L. Binder re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. FILED UNDER SEAL.(Rynne, Michelle) (Entered: 10/10/2003) |
| 10/06/2003 | 359 | APPENDIX OF EXHIBITS - Volume III re 356 AFFIDAVIT of Richard L. Binder re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. FILED UNDER SEAL.(Rynne, Michelle) (Entered: 10/10/2003) |
| 10/06/2003 | 360 | APPENDIX OF EXHIBITS - Volume IV re 356 AFFIDAVIT of Richard L. Binder re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. FILED UNDER SEAL.(Rynne, Michelle) (Entered: 10/10/2003) |

| | | |
|---|---|---|
| 10/06/2003 | 361 | AFFIDAVIT of Elliot I. Steinberg re [344] MOTION for Partial Summary Judgment relating to the Beverly Site. (Rynne, Michelle) (Entered: 10/10/2003) |
| 10/31/2003 | 367 | Plaintiff's REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT RELATING TO THE BEVERLY SITE. [Remark: Filed Subject to Protective Order, SEALED]. (Greenberg, Rebecca) (Entered: 11/04/2003) |
| 11/12/2003 | 369 | SUPPLEMENTAL MEMORANDUM in Opposition re [344] MOTION for Partial Summary Judgment relating to the Beverly Site filed by Black & Decker (U.S.), Inc., Black & Decker, Inc., Black and Decker Corporation. (Rynne, Michelle) (Entered: 11/17/2003) |
| 11/18/2003 | 371 | Plaintiff's Supplemental REPLY Memorandum of Law in Support of its Motion For Partial Summary Judgment Relating to the Beverly Site. (Greenberg, Rebecca) (Entered: 11/19/2003) |
| 12/05/2003 | 372 | Judge Douglas P. Woodlock : MEMORANDUM AND ORDER entered:1. As to the Bostik (Middleton, MA) site: Liberty Mutual's motion is GRANTED as to damage occurring during or after the 1971 policy period, and DENIED as to damage occurring during the 1957-69 policy periods. Liberty Mutual's motion is DENIED as to the costs of preparing the site assessments required by the Notice of Responsibility. Liberty Mutual's motion is GRANTED as to defense and remediation costs attributable to DEP's remediation orders and expended before November 3, 1994, and DENIED as to such costs expended on or after November 3, 1994. 2. As to the Whitman, MA site: Black & Decker's motion is GRANTED as to damage occurring during the 1957-69 policy years. Liberty Mutual's motion is GRANTED as to damage occurring during the post-1971 policy years. 3. As to the W.W. Cross (Jaffrey, NH) site: as to the lagoon, Liberty Mutual's motion for summary judgment is GRANTED. As to the tack pile, Black & Decker's motion for summary judgment is GRANTED as to the USM CGL policy in effect from May 18, 1956 to June 15, 1956, and PCI's 1981 policy. 4. As to the Jaffrey Landfill (Jaffrey, NH) site: Liberty Mutual's motion is GRANTED. 5. As to the Beverly, MA site: Liberty Mutual's motion is GRANTED. (Attachments: # 1 pages 31 - 60# 2 Pages 61-90# 3 Pages 91-120# 4 Pages 121-150# 5 Pages 151-169)(Rynne, Michelle) (Entered: 12/05/2003) |
| 01/16/2004 | 428 | Judge Douglas P. Woodlock : CLARIFICATION OF MEMORANDUM AND ORDER REGARDING SUMMARY JUDGMENT entered: The December 5, 2003 Memorandum and Order on Partial Summary Judgment |

|  |  | is clarified as follows: The partial grants of summary judgment as to the Bostik, Whitman, and W.W. Cross Tack Pile sites are hereby revised as follows: 1. Regarding the Bostik (Middleton, MA) site: Liberty Mutual's motion is GRANTED as to damage occurring during or after the 1971 policy period, and DENIED as to damage occurring during the 1957-69 policy periods. Liberty Mutual's motion is DENIED as to the costs of preparing the site assessments for the entire Bostik Middleton Site as required by the Notice of Responsibility. Liberty Mutual's motion is GRANTED as to defense and remediation costs attributable to DEP's remediation orders and expended before November 3, 1994, and DENIED as to such costs expended on or after November 3, 1994.2. Regarding the Whitman, MA site: Black & Decker's motion on the duty to defend is GRANTED as to damage occurring during the 1957-69 policy years. Liberty Mutual's motion is GRANTED as to damage occurring during the post-1971 policy years. 3. Regarding the W.W. Cross (Jaffrey, NH) site: as to the lagoon, Liberty Mutual's motion for summary judgment is GRANTED. As to the tack pile, Black & Decker's motion for summary judgment on the duty to defend is GRANTED as to the USM CGL policy in effect from May 18, 1956 to June 15, 1956, and PCI's 1981 policy. (Greenberg, Rebecca) (Entered: 01/16/2004) |
|---|---|---|
| 01/27/2004 | 442 | Judge Douglas P. Woodlock : MEMORANDUM AND ORDER entered regarding definition of accident under Massachusetts law applicable to 1955-1969 Liberty Mutual policies at issue in this case (Woodlock, Douglas) (Entered: 01/27/2004) |
| 03/19/2004 | 481 | Judge Douglas P. Woodlock : SCHEDULING ORDER entered: Summary of text: 'The Court requires the Plaintiff to file separate actions as to each claim/site, so that separate judgments may issue, to generate final Appeal rights. The Court may consider consolidating some claims/issues in these cases at a later time. The new Complaints shall be drawn to Judge Woodlock as related to 96cv10804-DPW, and shall be filed by APRIL 2, 2004. The Defendants'Answers shall be filed by APRIL 9, 2004. With respect to the new complaints to be filed, the Court waives the filing fee for each new case. Unless, for logistical reasons, the Plaintiff is otherwise Ordered to do some other procedure in connection with filing of the Complaints, the Plaintiff shall provide the Court with a disk containing each Complaint in PDF form (identifying the site involved) and also provide Courtesy Copies of each Complaint with the Court.The Defendants' counsel agrees to accept service with respect to each of the new Complaints, so that no summonses need issue from this Court. The Court Orders that the case shall relate back to 96cv10804-DPW for all intents and purposes, including statute of limitations purposes. All pending motions shall be terminated in 96cv10804-DPW subject to renewal in the separate cases to be filed as deemed appropriate by the parties. The next |

anticipated trials will be with respect to the Ansonia/Derby site, and the Long Term Exposure claims in the fall of this year. The Court plans to issue a Memorandum on these claims upon summary judgment motions to be renewed in the separate cases to be filed. The Defendant may file additional briefs on these issues (in the new cases) by APRIL 16, 2004; The Plaintiff may file responsive briefs by APRIL 26, 2004; The parties shall file a JOINT STATUS REPORT with proposals as to how to proceed with the Ansonia/Derby site, by APRIL 30, 2004;By APRIL 2, 2004 the parties shall provide a Status Report (to be filed in 96cv10804-DPW) and include a Briefing Schedule with respect to 1) the Shaffer Landfill Site, 2) the JC Rhodes Site, 3) the Harmonic Drive Site, and a status with respect to the Medway, Aswego, and Fulton sites. The Status Report shall also include the status of the claims with respect to the Old Southington Landfill site and SRSNE site, and any other matters that the parties suggest need to be briefed.With respect to the Stayed sites, the parties agree that the sites shall remain Stayed until further Order of this Court, except with respect to the Moorehead Farms site, as to which the Stay is Vacated. By APRIL 2, 2004, the parties shall report as to the Status of the Stayed sites (i.e. whether there remains a live controversy to be litigated).With respect to the 93A issues, the Court will allow further discovery to be done. The parties shall propose a revised discovery schedule in a Status Report by APRIL 2, 2004.With respect to Post Verdict and/or Post Judgment Motions regarding the Whitman and Bostik sites, the parties shall include in the STATUS REPORT, by APRIL 2, 2004, a proposed briefing schedule, with respect to the issues of 1) amount of damages, 2) amount of Attorneys' fees in the underlying case; 3) amount of Attorneys' fees in pursuing the claim, and 4) issues of allocation and set-off.With respect to Alternative Dispute Resolution (ADR), this Court will not force any party to participate in ADR; however, the Court strongly urges the parties to consider participation in private ADR. By APRIL 2, 2004, the parties shall include in the Status Report, their positions with respect to participation in ADR. ANY FILINGS MADE BY THE PARTIES SHALL BE ELECTRONICALLY FILED, WITH COURTESY COPIES (of substantive filings) PROVIDED TO THE COURT;A further STATUS CONFERENCE will be set after the Court's review of the filings by the parties.' MOTIONS TERMINATED:391MOTION in Limine filed by Liberty Mutual Insurance Company, 392MOTION in Limine filed by Liberty Mutual Insurance Company, 459 MOTION for Judgment as a Matter of Law filed by Liberty Mutual Insurance Company, [138]Motion for Summary Judgment filed by Liberty Mutual Insurance Company, 461MOTION for Judgment as a Matter of Law Based Upon Absence of Necessary Showing in Opening Statement on Bostik Site filed by Black & Decker (U.S.), Inc., 462 MOTION for Judgment as a Matter of Law of Black & Decker filed by Black & Decker (U.S.), Inc., [140]Motion for Summary Judgment filed by Black and Decker Corporation, 463MOTION

| | | |
|---|---|---|
| | | for Judgment as a Matter of Law filed by Liberty Mutual Insurance Company, 445 MOTION in Limine to Prevent Misuse of Documents by Franklin Woodard filed by Black & Decker (U.S.), Inc., 446 MOTION Admission of Testimony Concerning Liberty Mutual Inspections of the Whitman Plant filed by Black & Decker (U.S.), Inc., 421 MOTION in Limine Seeking Guidance Regarding the Issue of Allocation filed by Liberty Mutual Insurance Company, 379 MOTION in Limine filed by Black & Decker (U.S.), Inc., 382 MOTION in Limine filed by Black & Decker (U.S.), Inc., 452 MOTION for Judgment as a Matter of Law *Regarding Whitman Site filed by Black & Decker (U.S.), Inc., 454 MOTION to Strike testimony of Franklin Woodard filed by Black & Decker (U.S.), Inc., 386MOTION in Limine filed by Liberty Mutual Insurance Company.(Greenberg, Rebecca) (Entered: 03/19/2004)* |
| 04/08/2004 | | Electronic Clerk's Notes for proceedings held before Judge Douglas P. Woodlock : Scheduling Conference held on 4/8/2004. Court modifies the schedule as follows: 1) With respect to the new complaints filed, Answers shall be filed by 4/16/04; 2) A new 93A complaint shall be filed as a separate case by 4/23/04; 3) Plaintiff's Answers and Response to 93A complaint is due 5/7/04; 4) Liberty Mutual's proposal for discovery is adopted; 5) the parties shall work on a separate schedule with respect to the Ansonia Derby site; 6) With respect to Sites not pursued, parties to file Stipulation of Dismissal, without prejudice, in 96cv10804-DPW; 7) With respect to Attorneys' fees calculations in coverage lawsuits, the parties shall confer as to how best to resolve the issues. The Court will consider referral to a Master. (Court Reporter Pam Owens.) (Greenberg, Rebecca) (Entered: 04/08/2004) |
| 09/23/2004 | | Electronic Clerk's Notes for proceedings held before Judge Douglas P. Woodlock : Scheduling Conference held on 9/23/2004. Schedule set. See scheduling Order for further details. (Court Reporter Pam Owens.) (Greenberg, Rebecca) (Entered: 09/23/2004) |
| 09/23/2004 | 546 | Judge Douglas P. Woodlock : ORDER entered SCHEDULING ORDER: 1.93A discovery will continue according to the schedule previously set;Judgment shall enter with respect to the Beverly site; A Motion for Summary Judgment re: Allocation, as to the Ansonia Derby site, shall be filed by SEPTEMBER 30, 2004; an Opposition shall be filed by NOVEMBER 15, 2004; a reply shall be filed by DECEMBER 1, 2004; Motions for summary judgment on the Schaffer, OSL and SRS sites shall be filed by OCTOBER 6, 2004, Oppositions shall be filed by NOVEMBER 3, 2004 and any replies shall be filed by NOVEMBER 12, 2004;Liberty Mutual may file a motion to modify the current schedule with respect to the Torrance site; all other dates proposed by the parties in the Joint Status Report are adopted as an Order of the Court; By OCTOBER |

| | | |
|---|---|---|
| | | 15, 2004 the parties shall jointly file a Status Report detailing what each deems is necessary to bring each of the 40+ cases to judgment; the Status Report shall also show cause why these matters should not be referred back to Judge Tauro for further settlement proceedings at that time; A further Conference will be held on OCTOBER 19, 2004 AT 3:00 P.M. (Greenberg, Rebecca) Modified on 9/23/2004 to correct typo on clerknote and order.(Greenberg, Rebecca). Additional attachment(s) added on 9/23/2004 (Greenberg, Rebecca). (Entered: 09/23/2004) |
| 10/19/2004 | 559 | Judge Douglas P. Woodlock : ORDER entered SCHEDULING ORDER:Re: 04cv10657-DPW (Bostik) and 04cv10684-DPW (Whitman), the parties shall make further submissions and a proposed form of Judgment by close of business OCTOBER 26, 2004; 2.Judgment shall enter with respect to 04cv10653-DPW; 04cv10666-DPW; 04-10682-DPW;3.A Motion to reconsider and Cross motions for Summary Judgment re: prejudgment interest as to 04cv10649-DPW; 04-10648-DPW; 04cv10668-DPW; 04cv10669-DPW; 04-10676-DPW, and Proposed Draft forms of Orders shall be filed by NOVEMBER 2, 2004; oppositions shall be filed by NOVEMBER 16, 2004; Black & Decker to provide calculations to Liberty Mutual by October 22, 2004; 4.All briefing on Motions for summary judgment re: 04cv10655-DPW and 04cv10968-DPW shall be completed by DECEMBER 13, 2004; A motion hearing shall be set at a later time;5.Re: 04cv10467-DPW, motions for summary judgment are due NOVEMBER 2, 2004 with oppositions due NOVEMBER 16, 2004;6.A memo on choice of law re: cost sharing agreement/cautionary issues re: 04cv10650-DPW; 04cv10671-DPW and 04cv10672-DPW shall be filed by DECEMBER 3, 2004;7.A hearing is set for JANUARY 12, 2005 AT 2:30 P.M. on all outstanding motions and issues in 04cv10651-DPW; and prejudgment issues in 04cv10649-DPW; 04-10648-DPW; 04cv10668-DPW; 04cv10669-DPW; 04-10676-DPW;8.The parties shall submit a joint motion to extend other deadlines previously set;9.A hearing on the pre-notice attorneys' fees issues re: 04cv10670-DPW; 04-10665-DPW and 04cv10676-DPW AND on the cautionary questions in 04cv10650-DPW, 04cv10671-DPW, and 04-10672-DPW is set for JANUARY 26, 2005 AT 2:30 P.M.;10.A one week jury trial is set for APRIL 11, 2005 AT 9:00 AM. Re: 04cv10683-DPW; The parties shall submit the pretrial materials (as previously outlined in prior pretrial orders), by APRIL 4, 2005.11.The Court will talk with Judge Tauro with respect to further mediations to be set.(Greenberg, Rebecca) (Entered: 10/19/2004) |

In connection with the foregoing, Black & Decker believes that only selected volumes from the appendices to the 1998 summary judgment filings (Nos. 150 and 151) are appropriate for

-12-

inclusion in the supplemental record. These are Black & Decker appendix volumes V-IX, XVII, XVIII, XXI-XXIII, XCIV, XCVIII and XCIX and Liberty Mutual appendix volumes 1A-1E.

    4.    Black & Decker is prepared to assist the Court and the staff of the Clerk's Office in preparing and assembling this supplemental record.

    5.    Pursuant to D. Mass. L.R. 7.1(A)(2), counsel for Black & Decker has conferred with counsel for Liberty Mutual and attempted in good faith to resolve or narrow the issue presented in this motion. The parties to date have been unable to reach agreement, but intend to continue to discuss the issue presented.

WHEREFORE, Black and Decker requests that this Court supplement the record in this action by adding the above listed documents to a supplemental record and certifying and forwarding same to the Court of Appeals for the First Circuit.

    Respectfully submitted,

    /s/ Jack R. Pirozzolo
Jack R. Pirozzolo, BBO# 400400
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on December 14, 2004.

/s/ Jack R. Pirozzolo
Jack R. Pirozzolo

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LIBERTY MUTUAL INSURANCE CO.
        Plaintiff,

V.

BLACK AND DECKER CORP., ET AL.
        Defendants.

CIVIL ACTION

NO. 96-10804-DPW

## FURTHER SCHEDULING ORDER

WOODLOCK, D.J.

After a conference this date, the following further order is hereby set:

(1) The Court requires the Plaintiff to file separate actions as to each claim/site, so that separate judgments may issue, to generate final Appeal rights. The Court may consider consolidating some claims/issues in these cases at a later time. The new Complaints shall be drawn to Judge Woodlock as related to 96cv10804-DPW, and shall be filed by **APRIL 2, 2004**. The Defendants' Answers shall be filed by **APRIL 9, 2004.**

2) With respect to the new complaints to be filed, the Court waives the filing fee for each new case. Unless, for logistical reasons[1], the Plaintiff is otherwise Ordered to do some other procedure in connection with filing of the Complaints, the Plaintiff shall provide the Court with a disk containing each Complaint in PDF form (identifying the site involved) and also provide Courtesy Copies of each Complaint with the Court.

3) The Defendants' counsel agrees to accept service with respect to each of the new Complaints, so that no summonses need issue from this Court.

4) The Court Orders that the case shall relate back to 96cv10804-DPW for all intents and purposes, including statute of limitations purposes. All pending motions shall be terminated in 96cv10804-DPW subject to renewal in the separate cases to be filed as deemed appropriate by the parties.

5) The next anticipated trials will be with respect to the Ansonia/Derby site, and the Long Term Exposure claims. The Court plans to issue a Memorandum on these claims upon summary judgment motions to be renewed in the separate cases to be filed. The Defendant may file additional briefs on these issues (in the new cases) by **APRIL 16, 2004;** The Plaintiff may file responsive briefs by **APRIL 26, 2004**; The parties shall file a JOINT STATUS REPORT with proposals as to how to proceed with the

---

[1] The Court may require the Plaintiff to provide the Clerk's Office with a listing of each new case, indicating the parties and the site involved, prior to April 2, 2004, so that case numbers may be assigned and the case opened in CM/ECF and the Complaints may then be electronically filed by the Plaintiff for each case. In that event, the Plaintiff shall also provide courtesy copies of each complaint to the Court.

      Ansonia/Derby site, by **APRIL 30, 2004**;

6)     By **APRIL 2, 2004** the parties shall provide a Status Report (to be filed in 96cv10804-DPW) and include a Briefing Schedule with respect to 1) the Shaffer Landfill Site, 2) the JC Rhodes Site, 3) the Harmonic Drive Site, and a status with respect to the Medway, Aswego, and Fulton sites. The Status Report shall also include the status of the claims with respect to the Old Southington Landfill site and SRSNE site, and any other matters that the parties suggest need to be briefed.

7)     With respect to the Stayed sites, the parties agree that the sites shall remain Stayed until further Order of this Court, except with respect to the Moorehead Farms site, as to which the Stay is Vacated. By APRIL 2, 2004, the parties shall report as to the Status of the Stayed sites (i.e. whether there remains a live controversy to be litigated).

8)     With respect to the 93A issues, the Court will allow further discovery to be done. The parties shall propose a revised discovery schedule in a Status Report by **APRIL 2, 2004**.

9)     With respect to Post Verdict and/or Post Judgment Motions regarding the Whitman and Bostik sites, the parties shall include in the STATUS REPORT, by APRIL 2, 2004, a proposed briefing schedule, with respect to the issues of 1) amount of damages, 2) amount of Attorneys' fees in the underlying case; 3) amount of Attorneys' fees in pursuing the claim, and 4) issues of allocation and set-off.

10)    With respect to Alternative Dispute Resolution (ADR), this Court will not force any party to participate in ADR; however, the Court strongly urges the parties to consider participation in private ADR. By **APRIL 2, 2004**, the parties shall include in the Status Report, their positions with respect to participation in ADR.

12)    ANY FILINGS MADE BY THE PARTIES SHALL BE ELECTRONICALLY FILED, WITH COURTESY COPIES (of substantive filings) PROVIDED TO THE COURT;

13)    A further STATUS CONFERENCE will be set after the Court's review of the filings by the parties.

                                                      BY THE COURT

                                                      /s/ Rebecca Greenberg

DATED: March 19, 2004                          Deputy Clerk

# EXHIBIT B

```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


LIBERTY MUTUAL INSURANCE        )
COMPANY,                        )
     Plaintiff,                 )
                                )    CIVIL ACTION NO.
       v.                       )    04-10653-DPW
                                )
THE BLACK & DECKER CORPORATION, )
BLACK & DECKER, INC.,           )
BLACK & DECKER (U.S.) INC.,     )
EMHART CORPORATION, and         )
EMHART, INC.,                   )
     Defendants.                )
```

<u>JUDGMENT</u>
October 19, 2004

WOODLOCK, District Judge

In accordance with this court's Memorandum and Order entered December 5, 2003, in Civil Action 96-10804 -- the pleadings, submissions and rulings in which have been made a part of this case -- granting the motion of the Plaintiff Liberty Mutual Insurance Company for summary judgment regarding the Beverly, Massachusetts site, it is hereby ORDERED, ADJUDGED and DECREED:

1.  JUDGMENT for Liberty Mutual Insurance Company against the Defendants on Count 1 of the Complaint, entitled "Declaration of No Coverage Obligations," pursuant to which it is hereby DECLARED:

    (a)   there is no coverage under any Liberty Mutual policy for the Beverly site and any Claims arising out of the Beverly site;

    (b)   Liberty Mutual owes no duty to defend defendants with respect to the Beverly site and any Claims arising out of the Beverly site; and

    (c)   Liberty Mutual has no duty to indemnify defendants for any liabilities defendants may have with respect to the Beverly site and any Claims arising out the Beverly site.

2. Counts II and III of the Complaint, entitled "Declaration of Set-off of Defendants' Obligations" and "Applicability of Certain Policy Terms," respectively, are hereby dismissed as moot in view of the entry of judgment for Liberty Mutual Insurance Company on Count 1 of the Complaint.

3. The Counterclaim of the Defendants against the Plaintiff is dismissed.

4. Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiff shall recover costs, other than attorney's fees.

                                      BY THE COURT,

                                      /s/Rebecca Greenberg
                                      Deputy Clerk

DATED: October 19, 2004