UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE ) <br> COMPANY, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BLACK & DECKER CORPORATION, ) <br> BLACK & DECKER, INC., ) <br> BLACK & DECKER (U.S.) INC., ) <br> EMHART CORPORATION, and ) <br> EMHART, INC., ) <br>     Defendants. ) | CIVIL ACTION No. <br> 04-10653-DPW <br> [Beverly Site] |

LIBERTY MUTUAL INSURANCE COMPANY'S
RESPONSE TO DEFENDANTS' MOTION
TO SUPPLEMENT AND CERTIFY RECORD

Liberty Mutual Insurance Company ("Liberty Mutual") responds to the December 14, 2004 Motion to Supplement and Certify Record filed by defendants, The Black & Decker Corporation, et al. ("Black & Decker"), as follows. Without stipulating to the relevance of any document to the issues raised on appeal, Liberty Mutual assents to Black & Decker's Motion on the condition that the record which is to be certified and forwarded to the Court of Appeals for the First Circuit be further supplemented by the addition of the following documents from the case styled Liberty Mutual Insurance Company v. The Black & Decker Corporation, et al., C.A. No. 96-10804-DPW (the "1996 Action"):

| Date Filed | Docket # | Docket Text |
|---|---|---|
| 07/22/1996 | 8 | Rule 16.1 Certification filed by Liberty Mutual Ins. . (mqc) (Entered: 07/23/1996) |
| 07/24/2002 | 271 | Joint supplemental submission in Response to [266-1] order by Liberty Mutual Ins., Black & Decker, Black & |

| | | |
|---|---|---|
| | | Decker, Inc., Black & Decker (U.S.), filed. c/s (mr) (Entered: 07/25/2002) |
| 08/15/2002 | | Revised Joint supplemental submission in Response to [266-1] order by Liberty Mutual Ins., Black & Decker, Black & Decker, Inc., Black & Decker (U.S.) |
| 09/11/2002 | | Judge Douglas P. Woodlock. Endorsed Order entered granting [251-1] motion to modify Scheduling Order to permit discovery on claims concerning the maritime asbestos long term exposure claims and the Beverly Environment Claim. Allowed, as limited by the directions with respect to the Ch.93A claims. Notice sent to counsel. [EOD Date 9/16/02](mr) (Entered: 09/16/2002) |
| 08/27/03 | | Electronic Clerk's Notes for proceedings held before Judge Douglas P. Woodlock: Motion Hearing held on 8/27/2003 re [138] Motion for Summary Judgment filed by Liberty Mutual Insurance Company, [140] Motion for Summary Judgment filed by Black & Decker Corporation. Motions continue to be taken under advisement. By SEPTEMBER 12, 2003 the parties shall cross-file briefs re: the implications of the 1970-73 Excess policy. A motion hearing re: the Beverly site is set for NOVEMBER 5, 2003 AT 2:30 P.M. (Court Reporter Pam Owens.)(Greenberg, Rebecca)(Entered: 08/27/2003) |
| 11/05/2003 | | Electronic Clerk's Notes for proceedings held before Judge Douglas P. Woodlock: Hearing on summary judgment re: Beverly site held on 11/5/2003. Taken under advisement. Further briefing shall be filed by November 10, 2003. A pretrial conference is set for December 11, 2003 at 3:00 p.m. (Court Reporter Pam Owens.)(Greenberg, Rebecca)(Entered: 11/05/2003) |
| 01/07/2004 | 391 | MOTION in Limine re: Black & Decker's burden of proof concerning an "accident" under the 1956 to 1969 USM policies by Liberty Mutual Insurance Company (Rynne, Michelle)(Entered: 01/09/2004) |
| 01/20/04 | 432 | STIPULATION *(re USM Policies)* by Black & Decker and Liberty Mutual Insurance Company (U.S.) Inc. (Bennett, Richard) Modified on 1/21/2004 (Rynne, Michelle) (Entered: 01/20/2004) |
| 01/21/04 | 436 | Emergency Opposition to 391 MOTION in Limine filed by Liberty Mutual Insurance Company. (Rowan, Janice) (Entered: 01/21/2004) |
| 08/25/2004 | 544 | Judge Douglas P. Woodlock: ORDER entered MEMORANDUM AND ORDER, Liberty Mutual's motion for judgment as a matter of law or partial new |

trial (Doc. 492) is DENIED. Black & Decker's motion for judgment as a matter of law (Doc. 500) is DENIED. Liberty Mutual's motion to establish the amount of reimbursable defense costs (Doc. 502) is DENIED to the extent that it seeks to exclude, as a matter of law, money spent before November 3, 1994, other than those fees and expenses attributable to DEP's cleanup order at Bostik Middleton; DENIED to the extent that it seeks to establish that prejudgment interest is not available; DENIED to the extent that it seeks to establish that Legalgard's standards for attorney's fees should govern defense costs billed after November 3, 1994; and GRANTED to the extent that it seeks to establish that the standards for attorney's fees that it applied before November 3, 1994 should apply to defense costs incurred before November 3, 1994. Liberty Mutual's motion to establish limits on damages payable (Doc. 505) is DENIED to the extent that it seeks to establish that the deemer clause bars coverage; DENIED to the extent that it seeks to establish pro rata allocation among policies; DENIED without prejudice to the extent that it seeks to establish that the "non-cumulation of liability" clause applies; and GRANTED to the extent that it seeks to establish that Liberty Mutual is entitled to a reduction in damages equal to the amount, if any, of the Aetna settlement that can be fairly attributed to indemnification for the Bostik Middleton and/or Whitman sites. Liberty Mutual's motion to prohibit Black & Decker from recouping attorney's fees in the declaratory judgment action (Doc. 509) is DENIED to the extent that it seeks to establish that fees attributable to establishing the duty to defend may not be recovered; and GRANTED to the extent that it seeks to establish that fees attributable to establishing the duty to indemnify or to establishing lost policies may not be recovered. Black & Decker's motion for attorney's fees in the declaratory judgment action (Doc. 507) is GRANTED to the extent that it seeks to establish that fees attributable to establishing the duty to defend may be recovered; and DENIED to the extent that it seeks to establish that fees attributable to establishing the duty to indemnify or to establishing lost policies may be recovered. Liberty Mutual's motion to prohibit Black & Decker from recouping attorney's fees in the declaratory judgment action (Doc. 509) is DENIED as moot in light of my ruling on Black & Decker's motion for attorney's

|  |  | fees in the declaratory judgment action. (Rynne, Michelle)(Entered: 08/25/2004) |

Liberty Mutual reserves the right to contest the relevance of any document in the supplemental record to the issues on appeal in this case.

Liberty Mutual is prepared to assist the Court and the staff of the Clerk's Office in preparing and assembling this supplemental record.

WHEREFORE, Liberty Mutual respectfully requests that this Court supplement the record in this action by adding the above-listed documents to a supplemental record comprised of these documents and the documents specified in Black & Decker's December 14, 2004 Motion, and certifying and forwarding same to the Court of Appeals for the First Circuit.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,

_____/s/ Ralph T. Lepore, III_____
Ralph T. Lepore, III (BBO #294420)
Janice Kelley Rowan (BBO #265520)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: December 27, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2004, I caused a copy of the foregoing document to be served by hand upon Jack R. Pirozzolo, Esq., counsel to Black & Decker, at Willcox, Pirozzolo & McCarthy, P.C., 50 Federal Street, Boston, Massachusetts 02110.

                                                        /s/ Janice Kelley Rowan
                                                        Janice Kelley Rowan

# 2488509_v1